UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

GEORGE COLBY,

                Plaintiff,

-against-

HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT,

                Defendants.
----------------------------------------------------------------X

Docket No.   19-CV-00217

**PROPOSED JOINT PRE-TRIAL ORDER**

i. **The full caption is shown above.**

ii. **The amount of trial time that each party anticipates needing for their case in chief:**

    Plaintiff: Three (3) days

    Defendant: Three (3) to Four (4) days

iii. **The names, addresses, telephone and fax numbers of all counsel are as follows:**

    Richard A. Gilbert, Esq.
    LEVINE & GILBERT
    *Attorneys for Plaintiff GEORGE COLBY*
    115 Christopher Street
    New York, New York 10014
    212.645.1990

        \*\*\*

    John Doody, Esq.
    LEWIS BRISBOIS BISGAARD & SMITH, LLP
    Attorneys for Defendant
    HOME DEPOT U.S.A., INC.
    77 Water Street, Suite 2100
    New York, New York 10005
    212-232-1300
    212-232-1399

iv. **A brief statement by plaintiff as to the basis of subject-matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount:**

Plaintiff commenced this action in United States District Court for the Southern District of the State of New York pursuant to 28 U.S.C.1332 on the basis of the complete diversity of citizenship of the parties. Plaintiff is a resident of the State of New York. Defendant is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia. The amount in controversy exceeds $75,000.

v. **A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. The parties shall also identify all claims and defenses previously asserted that are not to be tried:**

**Plaintiff:**
Defendant was negligent in the ownership, operation, maintenance and control of the Home Depot store located at 43 Hutton Ave., Nanuet, New York in, inter alia, failing to remove/build up the pallet that caused plaintiff to trip and fall, in failing to remove obstructions in the aisle way where plaintiff was traversing and in operating a forklift in a negligent, reckless and dangerous manner in an area where shoppers were present, failing to provide adequate warning of the operation of the aforesaid forklift and or cordoning off the said area until the conditions complained of were removed. Defendant caused and created the conditions alleged and was on actual and constructive notice of the dangerous condition that caused plaintiff's accident. As a result of the accident, plaintiff suffered, inter alia, herniated lumbar/lumbosacral disc(s) which required him to undergo multiple surgeries to his lower back, including a L-5/S-1 Hemilaminectomy and Foraminotomy; L-5/S-1 Neurolysis of Adhesions and L-5/S-1 Discectomy and Revision Lumbar Microdiscectomy L4-5, an exacerbation of a preexisting cervical spine injury and a medial meniscectomy, partial and chondroplasty to repair the left knee medial meniscal tear and post traumatic arthropathy and subsequent right knee partial meniscectomy  Plaintiff also intends on rebutting defendant's claim of comparative fault and culpable conduct of the plaintiff.

**Defendant:**
Defendant contends that any injuries or damages sustained by plaintiff, as alleged in the Verified Complaint, were caused in whole or in part by the contributory or comparative negligence and/or culpable conduct of said plaintiff and not as a result of any negligence and/or culpable conduct on the part of Defendant. Defendant denies the existence of any dangerous, defective or hazardous condition, but if one existed it was transient, not foreseeable, and one for which Defendant had no implied or actual prior notice. Further, Defendant denies the existence of any dangerous, defective or hazardous condition, but if one existed, it was open and obvious to any reasonable person traversing in the area of the subject loss. Also, Defendant maintains that if the plaintiff was caused to sustain any

damages, plaintiff failed to take reasonable measures to mitigate the damages allegedly suffered. Lastly, Defendant will claim collateral source offsets.

vi. **A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

**Plaintiff:** The trial is to be done by a jury. It is estimated that the trial will take approximately one (1) week.

**Defendant:** Defendant demands trial by jury. Trial is expected to last approximately one (1) week.

vii. **A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

The parties do not consent to trial by a Magistrate Judge at this time.

viii. **Any stipulations or agreed statements of fact or law.**

a. Plaintiff's accident took place on April 23, 2017, at the Home Depot store located at 43 Hutton Ave., Nanuet, Rockland County, New York 10954, which was operated by the defendant at the time of the accident.

b. On April 23, 2017, plaintiff tripped on a pallet owned by defendant which was placed in the position that it was in at the time of the accident by defendant's employees.

c. Kathy Knowles was the Assistant Store Manager for the Home Depot store located at 43 Hutton Ave., Nanuet, Rockland County, New York 10954 on April 23, 2017.

d. Rushond Freeman was the Associate driving the forklift that was operating in the general area where the plaintiff's accident took place.

ix. **A list of the witnesses each party expects to call on its case in chief, including a very brief description of the witness's role and/or the subject matter of his or her anticipated testimony, the amount of court time needed for each witness, and a statement as to whether any other party objects to the witness.**

>    **Plaintiff:**
>
>    i. **Plaintiff, George Colby—** He is expected to testify in person as to how the accident occurred and the damages he has sustained; Time needed for testimony: approximately 1 hour to 1 hour and 30 min (1 ½ hour for cross).
>
>    ii. **Kathy Knowles—**Assistant manager for Home Depot. Ms. Knowles is expected to testify in person as to the applicable rules and procedures for the subject Home Depot. He is also expected to testify that the pallet Mr. Colby tripped over was in violation of Home Depot's standard operating procedures and safety rules. Time needed for testimony: approximately 40 Min.
>
>    iii. **Rushond Freeman—**the Associate driving the forklift that was operating in the general area where the plaintiff's accident took place. Time needed for testimony: approximately 40 Min.
>
>    iv. Home Depot witness to certify the Home Depot Exhibits (see Exhibits below).
>
>    v. **Thomas M. Kolb, M.D. —**Expert in Radiology. Dr. Kolb is expected to testify in person. He is expected to testify as to general medical principles and practices, definitions of common and pertinent radiological terms as an expert in the field of Radiology and, specifically, his examination and interpretation of all diagnostic films exchanged in this matter (whether prior and/or subsequent to the accident). He expected to testify that as a result of the accident of April 23, 2017 plaintiff suffered a herniation of the L4-5 disk, impingement upon the right L-4 nerve root and the impingement of the exiting right L5 nerve root at L4-5. He is also expected to testify as to his review of plaintiff's medical records and radiological images and reports, the medical concepts relative to this matter and the facts and opinions contained within his report which was previously disclosed to defendant. Time needed for testimony: approximately 1 hour (1 hour for cross). ***Defendant objects to this witness.***

vi. **Keith Girton, M.D.** —Treating orthopedic surgeon. Dr. Girton is expected to testify in person that as a result of the accident of April 23, 2017, plaintiff suffered a herniation of the L4-5 disk, impingement upon the right L-4 nerve root and the impingement of the exiting right L5 nerve root at L4-5. and further that said accident aggravated prior spinal injuries. He will testify to having performed a bilateral L4-L5 laminectomy, foraminotomy and partial facetectomy with right sided approach and destruction by thermal ablation of bilateral L3-L4, left L4-L5 and bilateral L5-S-1 facet joint capsules and sensory nerves, followed by therapeutic steroid injections combined with Marcain as described in his previously exchanged report. He will testify that plaintiff's accident of April 23, 2017, at Home Depot was the competent producing cause of the lumbar injuries and/or aggravation of same as described in his reports and the treatment heretofore described. He is expected to testify about any additional examinations of and/or treatment afforded by him to plaintiff up to the date of trial, subject to the exchange of his records relative to same. He is also expected to testify as to his review of plaintiff's medical records and radiological report and images used in connection with his reaching his diagnosis and treatment for plaintiff, his examination and evaluation of plaintiff, the medical concepts relative to this matter and the facts and opinions contained within his medical records which have previously been exchanged with defendant. Time needed for testimony: approximately 1 hour (1 hour for cross).

vii. **Michael Murray, M.D.** — Treating Orthopedic Surgeon. Dr. Murray is expected to testify in person that as a result of the accident of April 23, 2017, plaintiff suffered extensive tear of the posterior horn of the medial meniscus, left knee and suffers from post-traumatic arthropathy of the left knee compartment. He will further testify to having performed a surgical procedure to the left knee reflected in his operative report of March 5, 2020, previously disclosed in plaintiff's disclosure. He will further testify that the April 23, 2017, accident at Home Depot caused plaintiff's disabling spinal injuries including a herniation of the L4-5 disk, impingement upon the right L-4 nerve root and the impingement of the exiting right L5 nerve root at L4-5. and further that said accident aggravated prior spinal injuries; he is expected to testify about his review of medical records from plaintiff's post April 23, 2017 care including a bilateral L4-5 laminectomy foraminotomy and partial facetectomy performed by Dr. Keith Girton, M.D. on March 9, 2018, the operative report of same having been previously exchanged with defendant; a series of epidural injections, nerve blocks and ablation procedures performed at Gramercy Pain Management by Dr. Scott L. Gottlieb, M.D. per records of these procedures previously exchanged with defendant and having thereafter arrived at the opinion that plaintiff's injuries and concomitant complaints of pain and limitation necessitated the aforementioned treatment and the need for continued pain medication and the need for a lumbar decompression surgery. Dr. Murray will testify to having performed such surgery on plaintiff on October 9, 2020, which included a L-5/S-1 hemilaminectomy and foraminotomy; L-5/S-

    1neurolysis of adhesions and L-5/S-1 diskectomy; that post surgery plaintiff's condition worsened in that he suffered from post-surgical sequella including symptoms of "dropped foot" and that plaintiff sustained a recurrent central L4-5 disk herniation with radiculopathy diagnosed resulting in a Revision Lumbar Microdiscectomy L4-L5 performed by Dr. Qureshi on January 4, 2021per the previously exchanged report of said procedure.  It is also expected that he will testify to his review of plaintiff's medical records and radiological images and reports, the medical concepts relative to this matter and the facts and opinions contained within his reports which were previously disclosed to defendants.  Dr. Murray will testify the April 23, 2017, accident at Home Depot was the competent producing cause of the aforementioned injuries and treatment all of which were foreseeable and that plaintiff's spinal injuries will require lifetime care.  Time needed for testimony: approximately 1 hour (1 hour for cross). ***Defendant objects to this witness to the extent that Dr. Murray will testify to plaintiff's surgeries performed by other physicians.***

viii.  **Etan Sugarman, M.D.** — Treating orthopedic surgeon. Dr. Sugarman is expected to testify in person that as a result of the accident of April 23, 2017, plaintiff sustained a left knee injury and herniated lumbar/lumbosacral discs and aggravation of prior disc injuries, all which required multiple surgeries and disability.  He is also expected to testify to having taken an extensive medical history of plaintiff, the results of his physical exam which was significant for a residual foot drop with right posterior medial knee pain consistent with likely meniscal tear and a failed course of physical therapy.  Dr. Sugarman is further expected regarding his review of plaintiff's medical records and radiological reports and images, the medical concepts relative to this matter and that predicated upon same he recommended and performed a Right Knee Medial and Lateral Partial Meniscectomy, with a post operative diagnosis of (1) Right Medial Meniscus Tear; (2) Patellar Chondrosis; and (3) Small Free Edge Tear of the Lateral Meniscus.  Dr. Sugarman will testify to his opinion to a reasonable degree of medical certainty, that the accident of April 23, 2017, the injuries sustained in said accident and subsequent treatment of same resulted additional stress being placed upon plaintiff's right leg and knee and as a result of plaintiff's foot drop and compensating for the aforementioned, plaintiff suffered several falls and in particular the fall of April 17, 2021 and as consequence sustained, inter alia,  a new tear to the medial meniscus and an aggravation of prior post-surgical and degenerative changes to the right knee requiring the surgical procedure he performed on the plaintiff on June 30, 2021 in addition to ancillary injuries and sequella and their permanence.  Time needed for testimony: approximately 1 hour (1 hour for cross). ***Defendant objects to this witness to the extent that Dr. Sugarman will testify to plaintiff's surgeries performed by other physicians.***

    ix. **Sheeraz Qureshi, M.D.** — Treating orthopedic surgeon. Dr. Qureshi is expected to testify in person that following the accident on April 23, 2017, plaintiff came under his care giving a history of his accident of April 23, 2017, at Home Depot his subsequent medical history and current complaints including "dropped foot". He will testify that following his review of plaintiff's medical records, diagnostic tests and treatment pre- and post-accident and his own examination of plaintiff he reached a differential and final diagnosis for the patient. Dr. Qureshi is expected to testify, inter alia, that a 12/14/20 MRI study revealed post-surgical changes with a recurrent central disc herniation with caudal extrusion of the disc material causing stenosis and impingement of the thecal sac with encroachment of the L5 lateral recess. Dr. Qureshi is expected to testify to having performed a Revision Lumbar Microdiscectomy L4-L5 on January 4, 2021. Dr. Qureshi is also expected to testify that post January 4, 2021, surgery plaintiff presented with new twitching in his right lower extremity and continued right foot weakness and no changes in pre-surgical sensation; that physical therapy was prescribed and was undertaken by plaintiff without significant improvement and that as a result of continuing issues plaintiff was referred to Pain Medicine for a further L5-S1 epidural steroid injection. It is further anticipated that Dr. Qureshi will testify the April 23, 2017, accident at Home Depot was the competent producing cause of plaintiff's injuries and/or aggravated pre-existing injuries, to his lumbar spine as was that the treatment afforded him, all of which was foreseeable that plaintiff's condition remains guarded that plaintiff's spinal injuries will require lifetime care. Time needed for testimony: approximately 1 hour (1 hour for cross). ***Defendant objects to this witness to the extent that Dr. Qureshi will testify to plaintiff's surgeries performed by other physicians.***

**Defendant:**

1. Kathy Knowles is expected to testify in person. Ms. Knowles was the investigating manager on duty for Defendant. She is expected to testify as to the findings of his investigation and recollection of the subject loss. *Her testimony is expected to require one hour.*

2. Rushond Freeman is expected to testify in person. Mr. Freeman was the Associate working in the area of the subject loss and will testify to his recollection of the subject loss. *His testimony is expected to require 45 min to one hour.*

3. Defendant's Orthopedic expert Dr. Jared Brandoff is expected to testify in person. It is anticipated that Dr. Brandoff will testify relative to his review of the Plaintiff's medical records, radiology films and reports, hospital records, physical therapy records, surgical records, pertinent pleadings including Bills of Particulars, Interrogatories, deposition transcripts and expert witness disclosures served in this matter. Dr. Brandoff will also

      testify in accordance with his examination, interview, evaluation and observation of Plaintiff, George Colby, ("Plaintiff") on December 3, 2020 and September 22, 2021. *His testimony is expected to require one (1) hour to two (2) hours.*

4. Defendant's physical medicine and rehabilitation expert Dr. Howard Choi is expected to testify in person. It is anticipated that Dr. Choi will testify relative to his review of the Plaintiff's medical records, radiology films and reports, hospital records, physical therapy records, surgical records, pertinent pleadings including Bills of Particulars, Interrogatories, deposition transcripts and expert witness disclosures served in this matter. Dr. Choi will also testify in accordance with his examination, interview, evaluation and observation of Plaintiff, George Colby, ("Plaintiff") on *April 8, 2021 and September 9, 2021. His testimony is expected to require one (1) hour to two (2) hours. Plaintiff expects to require one (1) hour on cross.*

5. Defendant's neurology expert Dr. Alexander Merkler is expected to testify in person. It is anticipated that Dr. Merkler will testify relative to his review of the Plaintiff's medical records, radiology films and reports, hospital records, physical therapy records, surgical records, pertinent pleadings including Bills of Particulars, Interrogatories, deposition transcripts and expert witness disclosures served in this matter. Dr. Merkler will also testify in accordance with his examination, interview, evaluation and observation of Plaintiff, George Colby, ("Plaintiff") on *September 28, 2021. His testimony is expected to require one (1) hour to two (2) hours. Plaintiff expects to require one (1) hour on cross.*

6. Defendant's neuroradiology expert Dr. Amish Doshi is expected to testify in person. Dr. Doshi is expected to testify as to general medical principles and practices, definitions of common and pertinent radiological terms as an expert in the field of Neuroradiology and, specifically, his examination and interpretation of all diagnostic films exchanged in this matter (whether prior and/or subsequent to the accident, or obtained via authorization or subpoena taken) of the plaintiff, George Colby, including, but not limited to the cervical spine, thoracic spine, lumbar spine and upper and lower extremities. He will further testify to the type of pathology exhibited in the films/images, the incidence of such pathology in members of the general population, and the cause of the pathology in both the general population and specifically as exhibited on the diagnostic films/images of the plaintiff. Dr. Doshi will opine that the majority of the diagnostic testing results, if not all, lack evidence of traumatically induced pathology causally related to the subject accident, but rather, reveal the presence of long-standing degenerative and chronic conditions and problems pre-dating and pre-existing the subject accident. Dr. Doshi will also testify as to causation and residual nature of the injuries and conditions alleged. ***Plaintiff objects to this witness to the extent Thomas Kolb, MD, is precluded from testifying.***

> *His testimony is expected to require one (1) hour to one (1) and 30 min. Plaintiff expects to require one (1) hour on cross.*

x. **A page and line designation by each party of witness deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

   **None.**

xi. **A list by each party of exhibits to be offered in its case in chief, with a notation indicating exhibits to which there is an objection and the basis therefor. The failure to include a notation and basis may be deemed a waiver of any objection.**

   **Plaintiff:**

   1. Incident Witness Statement of Kathy Knowles. Admissible under FRE 803(6)

   2. Incident Witness Statement of Rushond Freeman. Admissible under FRE 803(6)

   3. General Liability Claim Worksheet. Admissible under FRE 803(6)

   4. CCTV footage of the date and location of the plaintiff's alleged incident. Admissible under FRE 401 & 402. ***Defendant objects to the showing of non-relevant portions of CCTV pursuant to FRE 401 & 403.***

   5. All of plaintiff's medical records and radiology images pre- and post-accident, under FRE 803(6) including but not limited to:

      - Michael Murray, M.D. (Northeast Orthopedic & Sports)
      - New York Presbyterian-Lawrence Hospital
      - Scott Gottlieb, M.D. / Gramercy Pain Management
      - Northeast Orthopedics & Sports - Patrick J. Murray, M.D. (Clarkstown Division)
      - Rockland Diagnostic Imaging
      - JAG/Crystal Run Health Plan
      - RB Physical and Occupational Therapy PLLC – Valley Cottage
      - Keith Girton, M.D., Laser Spine Institute.
      - N.Y. Spine Institute - Alexandre B. DeMoura, M.D. (Diagnostic Imaging)

- Hospital for Special Surgery
- Sheeraz Qureshi, M.D.
- Etan Sugarman, M.D.
- Lenox Hill Radiology
- Dora K. Leung, M.D. / Hospital for Special Surgery
- Virtual Radiology.
- Hudson Valley Radiology Associates/Mid Rockland Imaging

6. Receipt for HAELO symphony one medical device in the amount of $2640.00

7. Hyatt House hotel invoice dated 03-5-2018 in the amount of $140.80

**Defendant:**

A. Incident Witness Statement of Kathy Knowles

B. Incident Witness Statement of Rushond Freeman

C. General Liability Claim Worksheet

D. CCTV footage of the date and location of the plaintiff's alleged incident

E. All of plaintiff's medical records and radiology images pre and post-accident, including but not limited to:

- Michael Murray, M.D. (Northeast Orthopedic & Sports)
- New York Presbyterian-Lawrence Hospital
- Scott Gottlieb, M.D. / Gramercy Pain Management
- Faugno & Associates L.L.C.
- Westrock Company
- Richard Kurk, M.D.
- Oh Chong, M.D. (Northeast Orthopedic & Sports)
- Northeast Orthopedics & Sports - Patrick J. Murray, M.D. (Clarkstown Division)

- Jonathan Schwartz, M.D. / Crystal Run Healthcare (Rockland Diagnostic Imaging)
- Neil Block, M.D.
- Richard King, M.D./Family Practice Associates of Rockland
- Good Samaritan Hospital
- Geico
- Nyack Hospital
- Personal Health Imaging (Rockland Diagnostic Imaging) (Laser Spine Institute)
- Crystal Run Health Plan
- RB Physical and Occupational Therapy PLLC – Valley Cottage
- N.Y. Spine Institute - Alexandre B. DeMoura, M.D. (Diagnostic Imaging)
- Meridian Resource Company
- Hospital for Special Surgery (Dr. Dora Leung-referred by Dr. Sheeraz Qureshi)
- Sheeraz Qureshi, M.D.
- Etan Sugarman, M.D.
- Lenox Hill Radiology
- Dora K. Leung, M.D. / Hospital for Special Surgery
- Eric Postal, M.D. / Quantum Imaging
- Magnetic Resonance Imaging
- Hudson Valley Radiology Associates/Mid Rockland Imaging

xii. **A statement of the relief sought, including damages claimed, itemizing each component or element of the damages sought with respect to each claim, and including the manner and method used to calculate the claimed damages.**

   **Plaintiff's statement of relief sought:**

      **a. Liability:**

           **i.    That defendant was negligent in maintaining and operating the Home Depot in a safe condition. That defendant's negligence caused plaintiff to fall and suffer injuries.**

      **b. Damages:**

           **i.    Past conscious pain and suffering – from the date of the accident, April 23, 2017, to the date of the verdict.**

           **ii.    Future conscious pain and suffering – from the date of the verdict into the future.**

           **iii.    Plaintiff's out of pocket expenses for medical care**

xiii.    **A statement as to whether the parties consent to a less than unanimous verdict**

The parties do not consent to a less than unanimous verdict.