UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE COLBY,                                                              Docket No.   19-CV-00217

                Plaintiff,

       -against-

                                                                       **PROPOSED JOINT JURY**
HOME DEPOT U.S.A., INC. d/b/a THE HOME                    **CHARGES**
DEPOT,

                Defendants.
------------------------------------------------------------------X

The parties respectfully submit the following jury charges, however, reserve their right to amend this request based upon the proof and rulings at trial.

    1.        PJI 1:20    Introduction

Members of the jury, we come now to that portion of the trial when you are instructed on the law applicable to the case and after which you will retire for your final deliberations. You have now heard all the evidence introduced by the parties and through arguments of their attorneys you have learned the conclusions which each party believes should be drawn from the evidence presented to you.

    2.        PJI 1:21    Review Principles Stated

You will recall that at the beginning of the trial I stated for you certain principles so that you could have them in mind as the trial progressed. Briefly, they were that you are bound to accept the law as I give it to you, whether or not you agree with it. You are not to ask anyone else about the law. You should not consider or accept any advice about the law from anyone else but me. Furthermore, you must not conclude from my rulings or anything I have said during the trial that I favor any party to this lawsuit. Furthermore, you may not draw any inference from an unanswered question nor consider testimony which has been stricken from the record in reaching your decision. Finally, in deciding how much weight you choose to give to the testimony of any particular witness there is no magical formula which can be used. The tests used in your everyday affairs to decide the reliability or unreliability of statements made to you by others are the tests you will apply in your deliberations. The items to be taken into consideration in determining the weight you will give to the testimony of a witness include the interest or lack of interest of the witness in the outcome of the case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner of the witness as the witness testified, the opportunity that the witness had to observe the facts about which he or she testified, the probability or improbability of the witness' testimony when considered in the light of all the other evidence in the case. If it appears that there is a conflict in the evidence, you will have to consider whether the apparent conflict can be reconciled by fitting the different versions together. If, however, that is not possible, you will then have to decide which of the conflicting versions you will accept.

    3.      PJI 1:22      Falsus in Uno

If you find that any witness has willfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required however, to consider such a witness as totally "unbelievable." You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

    4.      PJI 1:23      Burden of Proof

The burden of proof rests on the plaintiff. That means that it must be established by a fair preponderance of the credible evidence that the claim plaintiff makes is true. The credible evidence means the testimony or exhibits that you find to be worthy to be believed. A preponderance of the evidence means the greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your minds. The law requires that in order for the plaintiff to prevail on a claim, the evidence that supports (his, her) claim must appeal to you as more nearly representing what took place than the evidence opposed to (his, her) claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of plaintiff.

    5.      PJI    1:24      Return to Courtroom

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you have any question about my instructions to you on the law, you have the right to return to the courtroom for the purpose of having such testimony read to you or have such question answered.

    6.      PJI    1:25      Consider Only Testimony & Exhibits

In deciding this case, you may consider only the exhibits which have been admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom or as there has been read to you testimony given on examination before trial. Under our rules of practice an examination before trial is taken under oath and is entitled to equal consideration by you notwithstanding the fact that it was taken before the trial and outside the courtroom. However, arguments, remarks, and summation of the attorneys are not evidence nor is anything that I now say or may have said with regard to the facts, evidence. Do not use any internet services, social media or texting services, such as Google, Facebook, and Twitter, to individually or collectively give or get any information about the case or to research topics concerning the trial. It is important that electronic devices including any cell phones, smartphones, laptops or any other personal electronic devices be turned off while you are deliberating. Allowing outside information, which

may be inaccurate, to affect your judgment is unfair and prejudicial to the parties and could lead to this case having to be retried.

      7.      PJI      1:25A      Juror's Use of Professional Expertise

Although as jurors you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to your during the trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside the case.

      9.      PJI      1:27      Exclude Sympathy

In reaching your verdict you are not to be affected by sympathy for any of the parties, what the reaction of the parties or of the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. You should consider only the evidence-both the testimony and the exhibits-find the facts from what you consider to be the believable evidence, and apply the law as I now give it to you. Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts.

      10.      PJI      1:28      Conclusion

I have now outlined for you the rules of law that apply to this case and the processes by which you weigh the evidence and decide the facts. In a few minutes you will retire to the jury room for your deliberations. Traditionally, Juror No.1 acts as foreperson. Your first order of business when you are in the jury room will be the election of a foreperson. In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, his or her vote is entitled to no greater weight than that of any other juror. Your function-to reach a fair decision from the law and the evidence-is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case among yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view of reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence and while each of you must decide the case for yourself and not merely consent to the decision of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper respect and regard for the opinions of each other. Remember in your deliberations that the dispute between the parties is, for them, a very important matter. They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to truly try the issues of this case and render a true verdict.

    11.      PJI 1:29        Alternative Jurors

At this point, I am going to excuse our alterative jurors. As I told you before, your services were required as a safeguard against the possibility that one of the regular jurors might be unable to compete his or her service. Fortunately this has not occurred. I commend the alternate jurors for their faithful attendance and attention. On behalf of the Court and the parties, I thank you for your service.

    12.      PJI 1:36 Impartiality

A lawsuit is a civilized method of determining differences between people. It is basic to the administration of any system of justice that the decision on both the law and the facts be made fairly and honestly. You as the jurors and I as the court have a heavy responsibility—to assure that a just result is reached in deciding the differences between the plaintiff(s) and the defendant(s) in this case.

    13.      PJI 1:39 No Inference From Rulings

In the course of the trial it has been necessary for me to rule on the admission of evidence and on motions made with respect to the applicable law. You must not conclude from any such ruling I have made or from any questions I may have asked or from anything that I have said during the course of the trial or from these instructions or the manner in which they are given that I favor any party to this lawsuit. It is your recollection of evidence and your decision on the issues of fact which will decide this case.

    14.      PJI 1:40 Consider Only Competent Evidence

At times during the trial I have sustained objections to questions asked without allowing the witness to answer or where an answer was made, instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference or conclusions from an unanswered question nor may you consider testimony which has been stricken from the record in reaching your decision. The law requires that your decision be made solely upon the evidence before you. Such items as I have excluded from your consideration were excluded because they were not legally admissible.

    15.      PJI 1:41 Weighing Testimony

The law does not, however, require you to accept all of the evidence I admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you decide for yourselves the reliability or unreliability of things people tell you. The same tests that

you use in your everyday dealings are the tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness' testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness' testimony. If it appears that there is a conflict in the evidence, you will have to consider whether the apparent conflict can be reconciled by fitting the different versions together. If, however, that is not possible, you will have to decided which of the conflicting versions you will accept.

    16.    PJI 1:90    Expert Witness

You will recall that [state name(s) of expert witness(es)] testified concerning (his, her, their) qualifications in the field(s) of [state profession(s)] and gave (his, her, their) opinion(s) concerning issues in this case. When a case involves a matter of science or art or requires special knowledge or skill that most people do not have, a qualified witness is permitted to state (his, her) opinion(s) for the information of the court and jury. The opinion(s) stated by [state name(s) of expert witness(es)] (was, were) based on particular facts, as (he, she, they) obtained knowledge of them and testified about them or as the attorney(s) who questioned (him, her, them) asked (him, her, them) to assume. You may reject any opinion if you find the facts to be different from the facts that formed the basis for the opinion. You may also reject an opinion if, after careful consideration of all the evidence in the case, including the cross-examination of [state name(s) of expert witness(es)], you decide that an opinion is not convincing. In other words, you are not required to accept any opinion to the exclusion of the facts and circumstances disclosed by other evidence. Opinion testimony should be evaluated in the same way as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the witness's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.

    17.    PJI 1:91    General Instruction-Interested Witness

The plaintiff and the defendant both testified before you. As parties to the action, both are interested witnesses.

An interested witness is not necessarily less believable than a disinterested witness. The fact that (he, she) is interested in the outcome of the case does not mean that (he, she) has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by (his, her) interest. You may, if you consider it proper under all of the circumstances, not believe the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness, and may accept all or such part of (his, her) testimony as you find reliable and reject such part as you find unworthy of acceptance.

18.	PJI 1:92	Interested Witness – Employee of Party

The fact that the witness AB was and still is employed by (plaintiff, defendant) and the testimony you have heard of (his, her) relationship with (his, her) employer may be considered by you in deciding whether the testimony of AB is in any way influenced by the employment relationship with (plaintiff, defendant).

<u>Specific Charges as to Liability</u>

Form 32:40  Proposed Jury Instruction: Equality of Litigants – Individuals and Corporations

You must consider and decide this case as an action between persons of equal standing in the community and of equal worth. Individuals and Corporations have the same rights to a fair trial at your hands. All parties stand equal before the law and are to be dealt with as equals in a court of justice.

1.	PJI	1:60	General Instructions-Burden of Proof- When Burden Differs on Different Issues

To say that a party has the burden of proof on a particular issue means that, considering all the evidence in the case, the party's claim on that issue must be established by a fair preponderance of the credible evidence. The credible evidence means the testimony or exhibits that you find worthy of belief. A preponderance means the greater part of the evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase preponderance of the evidence refers to the quality of the evidence, its weight, and the effect that it has on your minds. In order for a party to prevail on an issue on which he or she has the burden of proof, the evidence that supports his or her claim on that issue must appeal to you as more nearly representing what happened than the evidence opposed to it. If it does not or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must decide the question against the party who has the burden of proof and in favor of the opposing party.

In this case the plaintiff claims that the defendant caused the accident and injuries. The defendant claims that they did not cause the accident and injuries but that the plaintiff did, and the defendant says that even if they did, the plaintiff also caused the accident and injuries. The plaintiff has the burden of proving that the defendant was negligent and that defendant's negligence was a substantial factor in causing the accident and injuries. The defendant has the burden of proving that the plaintiff was negligent and that the plaintiff's negligence was a substantial factor in causing the accident and injuries.

2.	PJI 2:10 Common Law Standard of Care – Negligence Defined – Generally

Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing

an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

3.   PJI 2:12   Common Law Standard of Care – Foreseeability – Generally

Negligence requires both a reasonably foreseeable danger of injury to another and conduct that is unreasonable in proportion to that danger. A person is only responsible for the results of his or her conduct if the risk of injury is reasonably foreseeable. The exact occurrence or exact injury does not have to be foreseeable; but injury as a result of negligent conduct must not merely be possible, but probable.

There is negligence if a reasonably prudent person could foresee injury as a result of his or her conduct, and acted unreasonably in the light of what could be foreseen. On the other hand, there is no negligence if a reasonably prudent person could not have foreseen any injuries as a result of his or her conduct, or acted reasonably in the light of what could have been foreseen.

4.   PJI 2:14 Common Law Standard of Care- Emergency Situation

A person faced with an emergency and who acts without opportunity to consider the alternatives is not negligent if he acts as a reasonably prudent person would act in the same emergency, even if it later appears that he did not make the safest choice or exercise the best judgment. A mistake in judgment or wrong choice of action is not negligence if the person is required to act quickly because of danger. This rule applies where a person is faced with a sudden condition, which could not have been reasonably anticipated, provided that the person did not cause or contribute to the emergency by his own negligence. *Plaintiff alleges that as he was traversing the rear aisle of the store, obstructed by pallets filled with merchandise, a garage door opened and he heard and saw a forklift moving from outside through the garage door toward him without the benefit of a flagman out front of the forklift and while attempting to evade it tripped over a near empty pallet positioned at the end of an intersecting aisle.* If you find that plaintiff was faced with an emergency and that his response to the emergency was that of a reasonably prudent person, then you will conclude that plaintiff was not negligent. If, however, you find that the situation facing defendant, plaintiff was not sudden, or should reasonably have been foreseen, or was created or contributed to by plaintiff's own negligence, or that the plaintiff's conduct in response to the emergency was not that of a reasonably prudent person, then you may find that plaintiff was negligent.[1]

5.   PJI 2:36   Comparative Fault

If you find that the defendant was negligent and that the defendant's negligence contributed to causing the accident and injury, you must next consider whether the plaintiff was also negligent and whether the plaintiff's conduct contributed to causing the accident and injury.

---

[1] Defendant objects to this charge as the evidence does not support there was an emergency. Instead, a flagman was present guiding the forklift through the aisle. Plaintiff did not heed the flagman and instead chose to go over a pallet on the ground.

The burden is on the defendant to prove that the plaintiff was negligent and that her negligence contributed to causing the accident and injury. If you find that the plaintiff was not negligent, or if negligent, that her negligence did not contribute to causing the accident and injury, you must find that plaintiff was not at fault and you must go on to consider damages, if any, submitted by plaintiff.

If, however, you find that the plaintiff was negligent and that his negligence contributed to causing the accident and injury, you must then apportion the fault between the plaintiff and the defendant.

Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of both the plaintiff and the defendant and determine what percentage of fault is chargeable to each. In your verdict, you will state the percentages you find. The total of those percentages must equal one hundred percent.

6.  PJI 2:36.1   (Apportionment)

For example, if you should find that the defendant and the plaintiff were equally at fault you would report that each was 50% responsible. If you should find that one party was more at fault, you would assign a higher percentage to that party and a lower percentage to the other, with the total of the percentages equaling one hundred percent.

7.  PJI 2:55   Implied Assumption of Risk

The law provides that where the defendant owes a duty of reasonable care to the plaintiff, but the plaintiff voluntarily engages in an activity involving a risk of harm and the plaintiff knows and fully understands, or should have known and fully understood, the risk of harm, the plaintiff's damages must be reduced by the extent to which those damages were caused by the plaintiff's own conduct

The defendant claims that the plaintiff knew and fully understood or should have known and fully understood that he might be injured *where there were products for sale on the floor in the aisle where he was walking he chose to walk towards and over the pallet on the ground despite admitting to seeing the conditions in the aisle previously*, and that, therefore he assumed the risk of the injury. It is the defendant's burden to prove that the plaintiff assumed the risk of injury.

If you find that the plaintiff knew and fully understood, or should have known and fully understood, the risk of injury, then you will find that he assumed the risk of injury and you must consider to what degree that assumption of risk contributed to the injury. If you find that he did assume the risk, you will state to the Court on the form I will provide to you the respective degrees of fault of the plaintiff and the defendants. If you find that the plaintiff did not know and fully understand the risk of injury and if you find that, based upon the evidence, he could not have

known and fully understood the risk of injury, you will find that he did not assume the risk of injury and you may proceed to consider the other issues in the case.[2]

    8.    PJI 2:70    Proximate Cause

An act or omission is regarded as a cause of an accident and injury if it was a substantial factor in bringing about the accident and injury, that is, if it had such an effect in producing the accident and injury that reasonable people would regard it as a cause of the accident and injury.

There may be more than one cause of an accident and injury, but to be substantial, it cannot be slight or trivial. You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it.

    9.    PJI 2:90.    Possessor's Liability for Condition or Use of Premises —Standard of Care

As you have heard, the plaintiff brings this case against defendant based on the claim that defendant negligently maintained the property. The possessor of a building has a duty to use reasonable care to keep the premises in a reasonably safe condition for the protection of all persons whose presence is reasonably foreseeable.

In order to recover, the plaintiff must prove: (1) that the premises were not reasonably safe; (2) that the defendant was negligent in not keeping the premises in a reasonably safe condition; and (3) that the defendant's negligence in allowing the unsafe condition to exist was a substantial factor in causing plaintiff's injury.

---

[2] Plaintiff objects to this charge. Initially, the factual predicate for the charge alleged is false. Plaintiff specifically testified at his deposition of 8/20/2021 at page 55, line 23, "No, I never saw the pallet at all". From page 48-55 of the deposition, when asked about the position of the pallet, Mr. Colby consistently maintained his knowledge of the pallet's position was acquired after he fell. When asked if anything obstructed his view of the pallet, Mr. Colby explained merchandise positioned in the aisle obstructed his view and created a narrow corridor in which to travel and his fall was occasioned by his being startled by the forklift coming through the garage door. He further denied seeing any flagman prior to his fall. Video confirms the flagman was not out front of the forklift but standing by the garage door when plaintiff's accident occurred. Under the circumstances, as plaintiff was navigating the limited space created by defendant's employees, it was not foreseeable that a forklift would be heading in his direction without warning.

In Grisoff v. Nicoletta, 107 A.D.2d 1047, 1048, 486 N.Y.S.2d 579 (4th Dept., 1985) the Court held it was an error to charge implied assumption of risk, reasoning; 'A plaintiff to whom is owed a duty of reasonable care is not deemed to have assumed the risk unless he knows and fully appreciates the same. It is not sufficient that the risk was obvious or discoverable in the exercise of reasonable care and to charge assumption of risk in such a case is error. Failure to appreciate danger may constitute contributory negligence; it is not assumption of the risk, see 82 ALR2d 1218' (PJI 2:55, Comment)" (Franco v Zingarelli, 72 AD2d 211, 219).

When a person confronts an unexpected emergency situation the doctrine of implied assumption of risk is inapplicable, Perez v. Navarro, 148 A.D.2d 509 (2nd. Dept., 1989). Here, plaintiff alleges that as he was traversing the rear aisle of the store, obstructed by pallets filled with merchandise, a garage door opened he heard and saw a forklift moving from outside through the garage door toward him and while attempting to evade it tripped over a near empty pallet positioned at the end of an intersecting aisle.

You must first consider whether the premises were reasonably safe. The plaintiff claims that the premises were not in a reasonably safe condition because the area where the accident occurred had several pallets of product in the aisle where plaintiff was traversing, including the empty pallet plaintiff claims caused him to trip and fall. Plaintiff also claims that the defendant was negligent in failing to take adequate safety precautions when utilizing a forklift in the area at the time plaintiff was traversing the aisle. Defendant contends that the premises were reasonably safe and that the pallet and product on the floor were open and obvious. Defendant also contends that their employees were not negligent in the manner in which the forklift was operated and observed all required safety precautions, including use of a flagman. If you decide that the premises were reasonably safe, you will find for defendant on that issue. If you decide that the premises were not reasonably safe, you will proceed to consider whether the defendant was negligent in permitting the unsafe condition to exist. You will next consider whether defendant was negligent in failing to take adequate safety precautions when utilizing a forklift in the area at the time plaintiff was traversing the aisle. If you find defendant was not negligent in the operation of the forklift and that the aisle was in a reasonably safe condition you will proceed no further. If you find that the aisle was in an unsafe condition due to defendant's negligence or the defendant was negligent in when utilizing the forklift in the area where plaintiff was traversing then you will find for the plaintiff and proceed to the next question.

Negligence is the failure to use reasonable care. Reasonable care means that degree of care that a reasonably prudent possessor of a building would use under the same circumstances, taking into account the foreseeable risk of injury. In deciding whether the defendant was negligent, you must decide whether defendant created the condition in the aisle, or either knew or, in the use of reasonable care, should have known, that the condition in the aisle existed. If defendant did not create the condition in the aisle but knew or should have known about the condition in the aisle, you must decide whether defendant had sufficient time before the accident to correct the condition in the aisle, provide reasonable safeguards or provide reasonable warning.

In order to find that defendant's conduct was negligent, you must find that (a) defendant created the condition in the aisle or, (b) if defendant did not create the condition in the aisle, defendant either knew of the unsafe condition long enough before the accident to have permitted the defendant in the use of reasonable care to have it corrected or to take other suitable precautions and it did not do so; or defendant did not know of the condition but in the use of reasonable care should have known of it and corrected it or taken other suitable precautions.

In order to find that defendant's conduct was negligent in regard to the operation of the forklift you must find that defendant failed to use reasonable care. Reasonable care means the degree of care that reasonable persons engaged in forklift operations would use under the same circumstances, taking into account the foreseeable risk of injury.

On the question of the failure to warn, there is no duty to warn of unsafe conditions that are open and obvious. A condition is open and obvious if it could have readily been observed by any person reasonably using his or her senses.

If you decide that the condition in the aisle was open and obvious, you will find for defendant on plaintiff's claim that there was a failure to provide a warning about the condition in

the aisle and you will proceed to consider plaintiff's other claims concerning the condition in the aisle. If you decide that the condition in the aisle was not open and obvious, you will proceed to consider whether defendant gave an adequate warning. The adequacy of a warning depends on both the information it provides and the way the information is given.

If you find that defendant was negligent, you must next consider whether that negligence was a substantial factor in causing plaintiff's injury. An act or failure to act is a substantial factor in bringing about an injury if a reasonable person would regard it as a cause of the injury. If you find that defendant's negligence was not a substantial factor in causing the injury, then plaintiff may not recover. If you find that defendant's negligence was a substantial factor in causing plaintiff's occurrence, you will proceed to consider plaintiff's comparative fault.

If you find that the condition in the aisle was open and obvious, you should consider that fact in deciding whether plaintiff was also at fault for causing his injury. The burden is on defendant to prove that plaintiff was at fault and that plaintiff's conduct contributed to his injury. If you find that the plaintiff was not at fault or, if at fault, that his conduct did not contribute to causing his injury, you must find that plaintiff was not at fault and you must go on to consider damages, if any.

If, however, you find that the plaintiff was at fault and that his conduct contributed to causing his injury, you must then apportion the fault between the plaintiff and the defendant.

<u>Specific Charges as to Damages</u>

1.  PJI 2:277   Damages – General

My charge to you on the law of damages must not be taken as a suggestion that you should find for the plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the plaintiff is entitled to recover from the defendant. If you decide that the plaintiff is not entitled to recover from the defendant, you need not consider damages. Only if you decide that the plaintiff is entitled to recover will you consider the measure of damages.

If you find that the plaintiff is entitled to recover from the defendant, you must render a verdict in a sum of money that will justly and fairly compensate the plaintiff for all losses resulting from the injuries and disabilities he sustained.

2.  PJI 2:277A Damages—Comment by Counsel During Closing Remarks

During [*his/her*] closing remarks, counsel for [*plaintiff/defendant*] suggested a specific dollar amount [*he/she*] believes to be appropriate compensation for specific elements of plaintiff's damages. An attorney is permitted to make suggestions as to the amount that should be awarded, but those suggestions are argument only and not evidence and should not be considered by you as evidence of plaintiff's damages. The determination of damages is solely for you, the jury, to decide.

  3.  PJI 2:280  Damages – Personal Injury – Injury and Pain and Suffering

  If you decide that defendant is liable, plaintiff is entitled to recover a sum of money which will justly and fairly compensate his for any injury, disability and conscious pain and suffering to date caused by defendant.

  4.  PJI 2:280.1  Damages – Personal Injury – Injury and Pain and Suffering- loss of enjoyment of life.

  In determining the amount, if any, to be awarded plaintiff for pain and suffering, you may take into consideration the effect that plaintiff's injuries have had on plaintiff's ability to enjoy life. Loss of enjoyment of life involves the loss of the ability to perform daily tasks, to participate in the activities which were a part of the person's life before the injury, and to experience the pleasures of life. However, a person suffers the loss of enjoyment of life only if the person is aware, at some level, of the loss that he has suffered. If you find that plaintiff, as a result of his injuries, suffered some loss of the ability to enjoy life and that plaintiff was aware, at some level, of a loss, you may take that loss into consideration in determining the amount to be awarded to plaintiff for pain and suffering.

  5.  PJI  2:280.2  Damages – Personal Injury – Injury and Pain And Suffering (supplemental charge)

  If your verdict is in favor of plaintiff, plaintiff will not be required to pay income taxes on the award and you must not add or subtract from the award any amount on account of income taxes.

  6.  PJI  2:281  Damages-Personal Injury –Permanence-Life Expectancy Tables from 1997 (Life Expectancy of _____ years)

  7.  PJI  2:282  Aggravation of Pre-Existing Injury

  If you find that before this accident, that the Plaintiff, GEORGE COLBY, had preexisting injuries to his back, right knee and left knee and further find that because of this accident these conditions were aggravated so as to caused increased suffering and disability, then the plaintiff is entitled to recover for any increased disability or pain resulting from such aggravation. He is not, however, entitled to recover for any physical ailment of disability which existed prior to the accident or for any injuries for which he may now be suffering which were not caused or contributed to by the accident. The plaintiff, GEORGE COLBY, can recover only for damage caused aggravation of the preexisting condition, not the condition itself. The plaintiff, GEORGE COLBY, should be compensated only to the extent that you find his condition was made worse by the defendant's negligence.

Dated: New York, New York
      May 4, 2022

Respectfully submitted,

_____s/_____
LEWIS BRISBOIS BISGAARD & SMITH LLP
John Doody, Esq. (0552)
*Attorneys for Defendants*
Home Depot U.S.A, Inc.
77 Water Street, Suite 2100
New York, New York 10005

_____s/_____
Richard A. Gilbert, Esq.
LEVINE & GILBERT
*Attorneys for Plaintiff GEORGE COLBY*
115 Christopher Street
New York, New York 10014

UNITED STATES DISTRICT COURT
SOUTHERN DIRECT OF NEW YORK
-----------------------------------------------------------------X
GEORGE COLBY,                                                         Docket No.   19-CV-00217

                    Plaintiff,

      -against-

                                            **STATEMENT OF**
HOME DEPOT U.S.A., INC. d/b/a THE HOME    **STIPULATED FACTS**
DEPOT,

                   Defendants.
-----------------------------------------------------------------X

The parties stipulate to the following facts:

    a. Plaintiff's accident took place on April 23, 2017, at the Home Depot store located at 43 Hutton Ave., Nanuet, Rockland County, New York 10954, which was operated by the defendant at the time of the accident.

    b. On April 23, 2017, plaintiff tripped on a pallet owned by defendant which was placed in the position that it was in at the time of the accident by defendant's employees.

    c. Kathy Knowles was the Assistant Store Manager for the Home Depot store located at 43 Hutton Ave., Nanuet, Rockland County, New York 10954 on April 23, 2017.

    d. Rushond Freeman was the Associate driving the forklift that was operating in the general area where the plaintiff's accident took place.

4864-8785-9486.1